IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JUAN CARLOS OSCURA,            )
                               )
    Plaintiff,                 )
                               )
v.                             )    No. 2:14-cv-00029
                               )
W.B. MELTON AND SHANNON HARVEY,)    Judge Sharp
                               )
    Defendants.                )

## MEMORANDUM

Plaintiff Juan Carlos Oscura, a state inmate presently incarcerated at the Overton County Jail in Livingston, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1). The plaintiff proceeds *in forma pauperis*. The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I.    Standard of Review

Under the PLRA, the court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is mindful that a *pro se* pleading must be liberally construed

and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**II.     Factual Allegations**

The plaintiff names as defendants Overton County Sheriff W.B. Melton and Overton County Jail Administrator Shannon Harvey, in both their official and individual capacities. The plaintiff alleges that he has been denied the right to send and receive mail from his family, because he and his family communicate with each other in Spanish, their native language. He states that the jail does not employ any persons who are fluent in Spanish and that his mail has been rejected solely on the basis that it is written in Spanish. Jail officials have told him that jail rules prohibit sending or receiving mail in a foreign language because it poses a security threat. The plaintiff states that his inability to communicate with his family causes him extreme fear and anxiety, and he believes the jail's policy is discriminatory and violates his constitutional rights.

The plaintiff seeks relief in the form of nominal and punitive damages. Curiously, he does not request injunctive relief, such as a court order requiring the jail to hire a translator or to allow him to send and receive mail in Spanish.

**III.    Discussion**

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The Court finds, for purposes of the initial review required by the PLRA, that the plaintiff has stated a colorable claim under 42 U.S.C. § 1983 for violation of his First Amendment right to communicate with family and friends. *See Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) ("[F]ederal court opinions have previously held that persons incarcerated in penal institutions retain their

First Amendment rights to communicate with family and friends."); *Kikumura v. Turner*, 28 F .3d 592, 598 (7th Cir. 1994) (holding that "summary exclusion of foreign language materials is unconstitutional"); *Thongvanh v. Thalacker*, 17 F.3d 256, 259 (8th Cir. 1994) (prison's "English only" mail rule as applied to inmate's correspondence in foreign language violated the First Amendment where inmate showed the prison had access to cost-free translation services). The plaintiff potentially states a claim under the Equal Protection Clause as well. *Cf. Kikumura*, 28 F .3d at 599 (where the plaintiff alleged he had as a matter of prison policy been denied access to all Japanese-language materials, holding that the complaint presented an equal-protection question of whether this policy "is a classification that discriminates based on Japanese nationality"). Of course, prison regulations on an inmate's ability to send and receive mail and to receive written materials in a foreign language, generally speaking, will pass constitutional muster if they are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Jones v. Caruso*, 569 F.3d 258, 267 (6th Cir. 2009). For purposes of the initial review, however, the Court finds that the plaintiff has articulated a potential violation of his constitutional rights.

Moreover, defendants Melton and Harvey, as jail officials, are clearly state actors for purposes of a § 1983 claim. Although the plaintiff's complaint does not include specific allegations against the defendants, the Court finds that the allegations in the complaint reasonably support an inference that the plaintiff's difficulties in sending or receiving mail are the result of a prison policy that was adopted, implemented, or enforced by the sheriff or the jail administrator, making them potentially liable in either their official or individual capacity. At this stage in the proceedings, the Court will permit the claims against both defendants to proceed.

An appropriate order is filed herewith.

_Kevin H. Sharp_
Kevin H. Sharp
United States District Judge